UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELENA CASSELLA and PATRICK
CASSELLA,

    Plaintiffs,

v.                                                                             Case No: 8:20-cv-1558-T-36TGW

THE TRAVELERS HOME AND MARINE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

    This matter is before the Court on Plaintiffs' Motion to Remand and for an Award of Attorney's Fees (Doc. 13), filed on August 7, 2020.  In the motion, Plaintiffs request the Court remand this case to the Circuit Court of the Twelfth Judicial Circuit because their bad faith claim against Defendant is not a separately removable civil action and Defendant's notice of removal is untimely.  Defendant filed a response in opposition (Doc. 15), and Plaintiffs replied (Doc. 19). The Court, having considered the motion and being fully advised in the premises, will grant Plaintiffs' Motion to Remand and deny Plaintiffs' request for an Award of Attorney's Fees.

**I.    BACKGROUND**

    These proceedings arose after a December 4, 2015 automobile accident in Manatee County, Florida, in which Plaintiff Elena Cassella was injured when her vehicle was struck by an underinsured driver, Bethany Cook ("Cook"). At the time of the accident, Cook was insured under a Progressive American Insurance Company policy that provided $10,000 of bodily injury liability coverage. Plaintiffs, Elena and Patrick Cassella (collectively "Plaintiffs"), were insured under a

policy issued by Defendant, The Travelers Home and Marine Insurance Company ("Defendant" or "Travelers"), that provided $100,000 in uninsured/underinsured motorist ("UM") coverage.

On April 22, 2016, Plaintiffs filed a lawsuit in state court against Cook[1] and Travelers, alleging damages in excess of $15,000. Doc. 6-1 at 5–10. On November 1, 2016, Plaintiffs' counsel made a 30-day demand to Travelers to settle the state court action for the $100,000 UM policy limits. Doc. 13-2. Travelers did not accept the offer to settle. On November 30, 2016, Plaintiffs settled with Cook for her $10,000 policy limits and voluntarily dismissed her from the lawsuit. Doc. 6-3 at 8.

On February 6, 2017, Plaintiffs filed a Civil Remedy Notice of Insurance Violation ("CRN") with the Florida Department of Financial Services, alleging that Travelers failed to act in good faith in not settling Plaintiffs' claim for the $100,000 policy limits. Doc. 1-1 at 72. The case proceeded to trial against Travelers, and on May 17, 2019, the jury returned a verdict in favor of Plaintiffs and against Travelers in excess of one million dollars. Doc. 1-1 at 75–77.

On June 12, 2020, the state court entered multiple orders denying Travelers' post-trial motions for new trial and remittitur, granting Plaintiffs' motion for leave to file an amended complaint to assert a bad faith claim against Travelers, entering Partial Final Judgment in favor of Plaintiffs and against Travelers in the amount of $100,000 plus taxable costs, reserving jurisdiction on the issue of applicable attorney's fees and costs, and noting that Travelers has not waived its right or ability to seek to remove the amended complaint pursuant to 28 U.S.C. § 1446(c). Doc. 1-4.

---

[1] According to the Progressive declarations page, Cook had a Bradenton, Florida address. Doc. 13-1 at 1.

Plaintiffs' motion seeking attorney's fees and costs was scheduled to be heard by the state court on August 5, 2020. However, Travelers filed a notice of removal on July 8, 2020, thereby removing jurisdiction from the state court. Doc. 1. At the time the notice of removal was filed, Plaintiffs had not yet filed their amended complaint to assert a claim for UM bad faith because the amended complaint was not to be filed until a final judgment had been entered. *See* Doc. 1-4 at 5.

Removal of the case by Defendant is predicated on diversity of citizenship as Plaintiffs are citizens of Florida and Defendant is a citizen of Connecticut. Doc. 1 at 4. The amount in controversy exceeds the $75,000 threshold because Plaintiffs seek to recover the amount of the excess verdict rendered in the underlying UM case. Defendant contends the Notice of Removal is timely because it was filed within 30 days of entry of the partial final judgment and the state court's order permitting Plaintiffs to file an amended complaint asserting a separate and distinct cause of action for bad faith. *Id.* at 3.

## II.   LEGAL STANDARD

Federal court removal is governed by 28 U.S.C. § 1441, which provides in part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* at § 1441(a). Federal district courts are courts of limited jurisdiction. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). Parties seeking to invoke subject matter jurisdiction must show that the underlying claim is based upon either diversity jurisdiction, which falls under 28 U.S.C. § 1332, or the existence of a federal question, pursuant to 28 U.S.C. § 1331.

Diversity jurisdiction—the basis for removal here—exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)–(3). In order for diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship."). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Additionally, removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

Procedurally, removal is governed by 28 U.S.C. § 1446, which requires that the notice of removal be filed "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable," then a notice of removal may be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). Where this latter method of removal is employed in a diversity case, then the case may not be removed "more than 1 year after commencement of the action," unless the plaintiff acted in bad faith to prevent removal. *Id.* § 1446(c)(1). Additionally, regardless of whether the case is removed based on the initial pleading or a subsequent paper, where there are multiple defendants, "all defendants who have been

4

properly joined and served must join in or consent to the removal of the action." *Id*. at § 1146(b)(2)(A).

### III. DISCUSSION

#### A. Defendant's Removal is Untimely

Diversity of citizenship and amount in controversy are not disputed. At issue is the timeliness of Defendant's removal. When the lawsuit was filed in state court in April 2016, the parties were not diverse as the underinsured driver Cook was a resident of Florida, presumably a Florida citizen, like Plaintiffs. But when Cook was dismissed from the litigation on November 30, 2016, Plaintiffs and Defendant became diverse. Travelers could have removed the case to federal court within thirty days of Cook's dismissal pursuant to 28 U.S.C. § 1446(b)(3), as it was still within one year of commencement of the action. *See id*. § 1446(c)(1). Travelers chose not to do so. Accordingly, Travelers' removal is untimely.

#### B. Section 1441 Does Not Allow for Removal of Separate Claims

Travelers attempts to cure its untimely removal by arguing that the addition of a "separate and independent" bad faith claim by a plaintiff permits an insurer to remove an action more than one year after the original UM action was filed. Doc. 1 at 2–3. As an initial matter, the Court notes that an amended complaint for bad faith had yet to be filed in the state court at the time of removal so there was no pending bad faith claim to remove. But more fundamental, this Court has previously agreed with those courts finding that the filing of an amended complaint does not automatically reset the clock for removal purposes. *Fla. Health Scis. Ctr., Inc. v. Gov't Emps. Ins. Co*., No. 8:17-CV-339-T-36AAS, 2017 WL 3720880, at *4 (M.D. Fla. Aug. 7, 2017) (citing *Lee v. Allstate Indem. Co*., No. 616CV1337ORL37GJK, 2016 WL 6246911, at *2 (M.D. Fla. Oct. 26, 2016) (Dalton, J.)). An action is deemed commenced on the date that the UM complaint is filed.

5

*See* Fla. R. Civ. P. 1.050 (stating that a civil action is commenced when the complaint is filed); *see also* Fed. R. Civ. P. 3 (stating the same). "[A]mendment of the complaint to add a bad faith claim does not commence the action anew." *Lee*, 2016 WL 6246911, at * 2 (citing *Van Niekerk v. Allstate Ins. Co*., No. 12–62368–CIV, 2013 WL 253693, at *2–4 (S.D. Fla. Jan. 23, 2013) (Cohn, J.) (remanding on the ground that the amended bad faith claim was added nearly three years after the action was brought and stating that the addition of a party or claim is not the same as the "commencement of an action")).

Defendant contends that removal in these circumstances is a procedural issue, not a jurisdictional one, and would make a bad faith case never removable. Defendant argues against remand, citing a number of opinions from Judges in the Middle District of Florida that have declined to remand in these circumstances. Doc. 15 at 3. The Court acknowledges the intra-district split as to whether a bad faith claim filed within an underlying UM action may be independently removed. *See Brace v. AIG Centennial Ins. Co*., No. 8:15–cv–823–T–36TGW, 2015 WL 3793792, at *3 (M.D. Fla. June 18, 2015) (recognizing a split of authority within the Middle District regarding the removability of bad faith claims arising from an amended complaint filed after resolution of the UM claim).[2]

The Court recognizes there are several decisions allowing for removal on the basis that the bad faith claim is separate and independent from the underlying UM claim. *Johnson v. State Farm Mut. Auto. Ins. Co*., No. 6:15–cv–1942–Orl–31TBS, 2016 WL 277768, at *2 (M.D. Fla. Jan. 22, 2016); *see also Thorne v. State Farm Mut. Auto. Ins. Co.*, No. 8:14–cv–827–T–17AEP, 2015 WL 809530, at *4 (M.D. Fla. Feb. 25, 2015); *Rock v. State Farm Mut. Auto. Ins. Co*., 8:12–cv–2890–

---

[2] While the Eleventh Circuit has recognized the split of authority, it has not reached the issue. *See King v. Gov't Emps. Ins. Co*., 579 F. App'x 796, 800 (11th Cir. 2014).

T–30AEP, 2013 WL 230248, at *2 (M.D. Fla. Jan. 22, 2013); *Rios v. 21st Century Ins. Co. of Cal., Inc.*, No. 8:12–cv–1496–T–33MAP, 2012 WL 12141972, at *2 (M.D. Fla. Sept. 14, 2012); *Love v. Prop. & Cas. Ins. Co. of Hartford*, No. 8:10–cv–649–T–27EAJ, 2010 WL 2836172, at *2–3 (M.D. Fla. July 16, 2010); *Lahey v. State Farm Mut. Auto. Ins. Co.*, No. 8:06-cv-1949-T-27TBM, 2007 WL 20209334 (M.D. Fla. July 11, 2007). Under this logic, the initial pleading is that which contains the post-judgment bad faith claim.[3] These cases reason that the bad faith claim may be separately removed, and the date that the underlying UM action was filed is not considered for purposes of the one-year bar to removal of civil actions on the basis of diversity found in 28 U.S.C. § 1446(c)(1). *Love*, 2010 WL 2836172, at *3.

However, the undersigned finds persuasive those decisions reasoning that all doubts as to removability be resolved in favor of remand and holding that remand is the appropriate course of action based on the one-year bar found in § 1446(c)(1). *See Vachon v. Travelers Home & Marine Ins. Co.*, No. 8:20-cv-1201-T-60SPF, 2020 WL 3542655 (M.D. Fla. June 30, 2020); *Hawkinson v. State Farm Mut. Auto. Ins. Co.*, 325 F. Supp. 3d 1293, 1298 (M.D. Fla. 2018); *Fla. Emergency Physicians Kang & Assocs. M.D., P.A. v. USAA Gen. Indem. Co.*, No. 6:18-cv-1919-Orl-22DCI, 2018 WL 9868351 (M.D. Fla. Nov. 28, 2018); *Fridman v. Safeco Ins. Co. of Illinois*, No. 6:16-cv-2020-Orl-37KRS, 2017 WL 2222790, at *6 (M.D. Fla. May 22, 2017) (rejecting insurer's argument that the Amended Complaint adding a bad faith cause of action commenced a new civil action); *Washington v. Gov't Emps. Ins. Co*., No. 6:16–cv–1775–Orl–40KRS, 2017 WL 490541, at *2–3 (M.D. Fla. Feb. 7, 2017); *Lee*, 2016 WL 6246911, at *2; *see also Darragh v. Nationwide Mut. Fire Ins. Co*., No. 6:14–cv–104–Orl–41KRS, 2014 WL 4791993, at *4 (M.D. Fla. Sept. 24,

---

[3] Even under this logic, Defendant's removal is improper because no bad faith claim had been filed at the time of removal.

7

2014); *Barroso v. Allstate Prop. & Cas. Ins. Co.*, 958 F. Supp. 2d 1344, 1345 (M.D. Fla. 2013); *Daggett v. Am. Sec. Ins. Co.*, No. 2:08–cv–46–FtM–29DNF, 2008 WL 1776576, at *2–3 (M.D. Fla. Apr. 17, 2008). Although these cases acknowledge that deeming an action commenced as of the date the UM complaint was filed will undeniably require many insurers to litigate bad faith claims in state court, they recognize "district courts must apply § 1446 as drafted. . . ." *Barroso*, 958 F. Supp. 2d at 1347.

The undersigned has previously considered this issue, *see Fla. Health Scis. Ctr., Inc. v. Gov't Employees Ins. Co.*, No. 8:17-CV-339-T-36AAS, 2017 WL 3720880, at *6 (M.D. Fla. Aug. 7, 2017) and *Bolen v. Illinois National Insurance Co., No*. 6:10–cv–1280–Orl–36DAB, 2012 WL 4856753, at *3–4 (M.D. Fla. Oct. 12, 2012), and concluded that because removal statutes must be narrowly construed, with doubts resolved against removal, remand is the appropriate course of action.[4] Section 1441(a) allows for removal of "any civil action" for which original jurisdiction exists in the federal courts, and nothing in the removal statutes allows for a single claim to be severed and removed from the remainder of the action on the basis of diversity jurisdiction, even where that claim is separate and independent. This conclusion is bolstered by the fact that § 1441(c) did, at one point, allow for removal of separate and independent claims that fell within federal diversity jurisdiction, but the legislature deliberately removed this portion of the statute.[5] Now, removal on the basis of diversity must be of the entire "civil action" and must occur within "1 year

---

[4] Although *Bolen* was distinct in that the bad faith claim, pleaded with the UM claim, was abated and not dismissed, this does not alter the relevant analysis, which is founded on the rule that removal statutes be narrowly construed.

[5] In 2011, Congress removed the "separate and independent" language from the statute altogether. Prior to 2011, § 1441(c) provided that "[w]henever a separate and independent claim or cause of action within the jurisdiction *conferred by section 1331* of this title [for claims arising under federal law] is joined with one or more non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein...." PL 107–273, 116 Stat. 1758 (Nov. 2, 2002) (emphasis added).

8

after commencement of the action. . . . ." 28 U.S.C. § 1446(c)(1). The separate and independent nature of bad faith claims under Florida law does not affect the jurisdictional and procedural requirements for removal to federal court.

Travelers had the opportunity to remove this case within one year of commencement of the action when the jurisdictional requirements of diversity were met with the dismissal of Cook from the state court action. It chose not to do so. Accordingly, this action is due to be remanded as untimely removed.

### C. Supremacy Clause Argument

"The purpose of the Supremacy Clause is . . . to ensure that, in a conflict with state law, whatever Congress says goes." *Douglas v. Indep. Living Ctr. of S. Cal., Inc.*, 565 U.S. 606, 618 (2012). Defendant argues the state trial court order here violates the Supremacy Clause. Doc. 15 at 5–11. Specifically, Defendant contends the state court procedure conflicts with a defendant's right to remove a case to federal court. In support, Defendant argues that Florida courts allow an insured to plead a bad faith claim before it has accrued, as long as it is abated. Next, Defendant argues that UM lawsuits are, in most instances, not removable. Critically, that was not the case here. The UM policy was $100,000. Plaintiffs demanded the policy limits in November 2016. Cook was dismissed from the lawsuit the same month, and thus as of November 30, 2016, the parties were diverse and it was apparent that the amount in controversy threshold was satisfied. Thus, on these facts, Defendant's Supremacy Clause argument is unavailing.

When presented with a similar constitutional challenge by an insurer in *Fridman*, this Court correctly observed that "[d]eclaring a state law or process void under the U.S. Constitution is a weighty matter that federal courts avoid absent absolute necessity." *Fridman*, 2017 WL 2222790, at *7 (citing *Neumont v. Fla.*, 451 F.3d 1284, 1285 (11th Cir. 2006); *Burton v. U.S.*, 196 U.S. 283,

9

295 (1905) (noting that constitutional questions are not decided "unless absolutely necessary to a decision of the case"); *Brown v. U.S.*, 748 F.3d 1045, 1049 (11th Cir. 2014); *907 Whitehead St., Inc. v. Sec'y of U.S. Dept. of Agric.*, 701 F.3d 1345, 1349 (11th Cir. 2012)). The Court similarly declines to reach the constitutional issue here, particularly where Travelers had the opportunity to timely remove the case in late 2016, but chose to wait nearly four years to attempt to do so and has failed to provide any explanation for its failure to seek removal earlier.

### C.    Plaintiffs' Claim for Attorney's Fees

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Bauknight v. Monroe Cty., Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)). Given the conflict within the federal district courts of this State, by district and division, as to whether bad faith claims are separately removable from underlying UM claims, the Court cannot conclude that Travelers lacked an objectively reasonable basis for seeking removal. Thus, the Court will deny Plaintiffs' request for attorneys' fees and costs. Accordingly, it is

**ORDERED**:

1.    Plaintiffs' Motion to Remand and for an Award of Attorney's Fees (Doc. 13) is **GRANTED in part** and **DENIED in part**.

2.    This case is **REMANDED** to the Circuit Court for the Twelfth Judicial Circuit in and for Manatee County, Florida, Case No. 2016 CA 001904 AX.

3.    Plaintiffs' request for attorneys' fees is denied.

4. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Twelfth Judicial Circuit Court, in and for Manatee County, Florida.

5. The Clerk is further directed to terminate any pending motions and deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on October 7, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any